IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECIL BOYETT,

        Petitioner,

                                                                   No. CV 17-374 KG/CG

v.

R.C. SMITH, et al.,

        Respondents.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND GRANTING MOTION TO DISMISS UNEXHAUSTED CLAIMS

THIS MATTER is before the Court on Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 17), filed October 2, 2017; and Petitioner Cecil Boyett's *Motion for Order of Dismissal of Unexhausted Claims in Plaintiff's 28 U.S.C. Section 2254 Petition* (the "Motion to Dismiss"), (Doc. 18), filed October 13, 2017. In the PFRD, Judge Garza found that Petitioner filed a "mixed" petition and recommended allowing Petitioner fourteen days to amend his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* (the "Petition"), (Doc. 1), to include only claims that Petitioner has exhausted in state court. (Doc. 17 at 1, 17).

The parties were informed that objections to the PFRD were due within fourteen days. *Id*. at 17. Neither party objected to the PFRD's analysis or recommendation. Instead, Petitioner filed the Motion to Dismiss, stating he is willing dismiss his unexhausted claims and proceed with his exhausted claims as determined by Judge Garza. (Doc. 18 at 1). Judge Garza found that Petitioner's exhausted claims are: (1) ineffective assistance of counsel regarding Petitioner's trial counsel's failure to call an expert witness on specific intent; (2) denial of Petitioner's right to be present at every stage of trial; (3) denial of due process arising from the trial court's refusal to

instruct the jury on inability to form specific intent; and (4) denial of due process arising out of the trial court's refusal to instruct the jury on defense of habitation. (Doc. 17 at 15).

Respondents have not responded to the Motion to Dismiss and the time for doing so has passed. However, in their *Answer to Cecil Boyett's* pro se *Petition for Writ of Habeas Corpus (18 U.S.C. § 2254) [Doc. 1]* (the "Answer"), Respondents requested a reasonable period of time in which to amend their answer if Petitioner amended the Petition. (Doc. 11 at 15). Respondents have only argued that Petitioner failed to exhaust all the claims he brought in the Petition and have not answered the merits of Petitioner's claims.

IT IS THEREFORE ORDERED that Petitioner's unexhausted claims are DISMISSED and Petitioner may move forward with his exhausted claims. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

IT IS FURTHER ORDERED that Respondents shall have until November 20, 2017, to amend their Answer to respond to the merits of Petitioner's exhausted claims. Petitioner shall have until December 4, 2017, to reply to Respondent's Amended Answer.

                                                  UNITED STATES DISTRICT JUDGE