# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CECIL BOYETT,

      Petitioner,

                                                                                                  No. CV 17-374 KG/CG

v.

R.C. SMITH, et al.,

      Respondents.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Chief Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 24), filed March 20, 2018; and Petitioner Cecil Boyett's *Objections to the U.S. Magistrate's Recommendations/Findings on Petitioner's 28 U.S.C. Section 2254 Petition for Writ of Habeas Corpus filed March 27, 2018* (the "Objections"), (Doc. 25), filed March 29, 2018. In the PFRD, the Chief Magistrate Judge found that Petitioner is not entitled to relief under 28 U.S.C. § 2254, and therefore recommended denying Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* (the "Petition"), (Doc. 1) and his *Motion for Order of Release from Custody; Second Request for Appointment of Counsel* (the "Motion for Release"), (Doc. 19). (Doc. 24 at 19). Also before the Court is Petitioner's *Motion to Produce; or in the Alternative-Issuance of Subpoena to April Perea, State Trial Jury Member–Pursuant to Rule 45(3)(c)(i), Fed. Rules of Civil Procedure* (the "Motion to Produce"), (Doc. 26), filed June 18, 2018; Respondents' *Response in Opposition to Plaintiff's Motion to Produce; or in the Alternative Issuance of Subpoena to April Perea, State Trial Jury Member–Pursuant to Rule 45(3)(c)(i), Fed. Rules of Civil Procedure [Doc. 26]*, (Doc. 27), filed June 25, 2018; and Petitioner's *Reply in Opposition*

*to Respondent's Response in Opposition to Plaintiff's Motion to Produce; or in the Alternative . . . ,* (Doc. 28), filed July 2, 2018.

The parties were informed that objections to the PFRD were due within fourteen days. *Id*. Petitioner timely objected to the PFRD. (Doc. 25). Respondents did not object to the PFRD or respond to the Objections, and the time for doing so has passed. *See* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts (the "Rules Governing § 2254 Proceedings"); Fed. R. Civ. P. 72(B)(2). Following a *de novo* review of the Petition, Motion for Release, PFRD, Objections, and Motion to Produce, the Court will overrule the Objections, adopt the PFRD, deny the Petition, Motion for Release, and Motion to Produce, and dismiss this case with prejudice.

**I.      Background**

This case arises from Petitioner's trial and conviction related to the shooting death of Deborah Roach. On February 5, 2004, Petitioner shot Ms. Roach, killing her, in front of his house. Petitioner pursued two defenses at trial: first, that he was innocent because he shot Ms. Roach in self-defense, defense of another, and defense of his home, or "habitation;" and second, that he was innocent of first-degree murder because he was incapable of forming specific intent to murder at the time of the incident. (Doc. 11-2 at 4-5). In support of these theories, Petitioner testified that he knew Ms. Roach regularly carried a gun, that she drew her gun first, and that he shot her before she could shoot him. *Id*. Petitioner also testified that he suffered serious brain injuries years earlier, and he theorized those injuries made him incapable of forming the intent to murder. *Id*. at 13-14. Petitioner also planned to call an expert witness in support of his incapacity theory. *Id*. at 4-5; *see* (Doc. 22-1 at 2). However, before her scheduled testimony, the expert

witness informed Petitioner's counsel she would not testify on his behalf. (Doc. 22-1 at 2). Petitioner did not call any other experts or request a continuance to do so.

At the conclusion of trial, Petitioner requested jury instructions on both of his theories. The trial court granted instructions on self-defense and defense of another, but denied instructions on defense of habitation or inability to form specific intent. (Doc. 12-2 at 33-34). The trial court first declined to instruct on defense of habitation because there was no evidence Petitioner shot Ms. Roach inside his home, which the trial judge thought was necessary under New Mexico law. (Doc. 11-2 at 5). The trial court next denied an instruction on inability to form specific intent because it required expert testimony and none had been provided. *Id*.

The jury found Petitioner guilty of first-degree, willful and deliberate murder in violation of NMSA 1978, Section 30-2-1(A)(1) (1994). (Doc. 11-1 at 1-2). Petitioner filed a motion for a new trial, arguing in part that he was prejudiced by the lack of expert testimony on his ability to form specific intent. (Doc. 22-1 at 2, 11-13). The trial court denied the motion and imposed the mandatory life-sentence. *Id*. at 25-26.

Petitioner then appealed his conviction, arguing the trial court erred by denying his requested jury instructions and his motion for a new trial. (Doc. 11-1 at 22-23). The New Mexico Supreme Court affirmed on all grounds. (Doc. 11-2 at 1-21); *State v. Boyett*, 2008-NMSC-030, 144 N.M. 184, 185 P.3d 555. First, the court affirmed the denial of an instruction on defense of habitation. The court reasoned that, in New Mexico, defense of habitation requires evidence that the commission of a felony inside the home was imminent and that deadly force was necessary to prevent the commission of the felony. *Boyett*, 2008-NMSC-030, ¶ 15. The court found that such evidence was absent in Petitioner's case. *Id*., ¶ 25. Second, the court agreed that expert testimony was necessary to link Petitioner's brain injury with his alleged

3

inability to form specific intent; therefore the court found that the trial court properly denied the instruction. *Id*., ¶ 29. Finally, the court held that the trial court did not err in denying the motion for a new trial because Petitioner failed to show how he was prejudiced by the lack of expert testimony. *Id*., ¶¶ 34-35.

Next, Petitioner filed a petition for writ of habeas corpus in state court, claiming he was denied his rights to effective assistance of counsel and to be present at every stage of the trial. (Doc. 11-2 at 23-39). Petitioner argued his trial counsel was ineffective in part by failing to ask for a continuance or secure a different expert witness. (Doc. 1 at 5). Petitioner also claimed that he was denied his right to be present at all critical stages of trial because a juror was replaced with an alternate outside his presence. *Id*. at 7.

On April 13, 15, and 18, 2016, the Thirteenth Judicial District Court of New Mexico held an evidentiary hearing and heard testimony from several witnesses. First, Petitioner testified that at the end of trial the jury was sworn in and dismissed for lunch, and when they returned, an alternate juror was in the jury box while an original juror, April Perea, was seated in the gallery. (Doc. 11-3 at 14-17). Susan McLean, the trial prosecutor, testified that Petitioner's recollection was mistaken. (Doc. 11-4 at 42-47). Ms. McLean testified instead that the jurors were sworn in and sequestered, not dismissed, and returned to court to render their verdict, and that no juror was replaced. *Id*. Further, Ms. McLean testified the trial judge always polled jurors by name, and that the trial record shows Ms. Perea was polled by name. *Id*. The trial transcript, which was before the state habeas court, reflects that Ms. Perea was polled by name. (Doc. 22-1 at 31); (Doc. 11-4 at 45); *see* (Doc. 11-5 at 19).

Regarding Petitioner's inability to form specific intent, Dr. Susan Cave testified on Petitioner's behalf. (Doc. 11-3 at 17). Dr. Cave stated that if she had been called as an expert

4

witness at trial, she would have testified that Petitioner could not form specific intent at the time of incident due to a combination of factors, including his brain injuries. *Id*. at 31-32. On cross examination, Dr. Cave opined that it was "highly likely" that Petitioner's "ability to form specific intent was likely impaired." *Id*. at 37. Dr. Cave's opinion, "to a reasonable degree of certainty," was that Petitioner was not capable of forming specific intent to kill at the time of the incident. *Id*. at 52.

Next, Sheila Lewis, Petitioner's appellate counsel, testified that Petitioner's trial counsel was ineffective due to his failure to secure an expert like Dr. Cave. (Doc. 11-4 at 7). Ms. Lewis believed it was ineffective assistance, rather than a tactical decision, given trial counsel's proposed jury instructions and the motion for a new trial. *Id*. at 12-13, 17-23. On questioning by the state court, Ms. Lewis agreed that a reasonable trial attorney could have chosen to abandon the incapacity theory, but she maintained that Petitioner's trial counsel did not consciously choose to abandon the theory. *Id*. at 15, 21-22. Instead, Ms. Lewis felt that Petitioner's trial counsel negligently failed to pursue the incapacity theory. *Id*. at 22-36.

Finally, attorney Paul Kennedy testified as an expert witness in criminal defense litigation. (Doc. 22-1 at 31-71). In response to Ms. Lewis' testimony, Mr. Kennedy stated there is inherent tension between defenses based on self-defense and an inability to form specific intent. *Id*. at 43-46. Mr. Kennedy testified it can be difficult to explain to jurors how a defendant is unable to form specific intent to kill but still able to intentionally defend himself. *Id*.; *see id.* at 65. Further, Mr. Kennedy believed the self-defense theory was stronger than the incapacity theory. *Id*. at 41-47. In Mr. Kennedy's opinion, emphasizing self-defense over incapacity was a reasonable trial tactic. *Id*. at 46-48.

Following the evidentiary hearings, the state court found Petitioner was not entitled to relief under either of his claims. (Doc. 11-5 at 17-25). First, the state court found Petitioner's trial counsel pursued a plausible, rational trial strategy; therefore Petitioner received effective assistance of counsel. *Id*. at 24-25. Second, the court found that no juror was replaced outside Petitioner's presence; therefore he was present at all stages of trial. *Id*. at 24-25. Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court, (Doc. 11-5 at 27-37). That petition was denied, (Doc. 11-5 at 48).

Petitioner subsequently filed the instant Petition. As originally filed, the Petition contains four broad claims: (1) ineffective assistance of counsel; (2) denial of the right to be present at all critical stages of trial; (3) denial of the right to due process; and (4) prosecutorial misconduct. (Doc. 1 at 5-10). The Petition and supporting documents included several other claims, for instance that the trial judge should have recused himself because of his personal and business relationship with Petitioner's trial counsel, (Doc. 1 at 25); that New Mexico Supreme Court Justice Petra Jimenez Maes improperly participated in Petitioner's case after recusing herself, (Doc. 1 at 16); and that Petitioner was denied his right to compulsory process, (Doc. 16 at 4).

The Chief Magistrate Judge reviewed the Petition and found that it contains four exhausted claims under § 2254(b)(1)(A): (1) ineffective assistance of counsel due to trial counsel's failure to present expert testimony about Petitioner's brain injuries; (2) denial of Petitioner's right to be present at all stages of trial; (3) denial of due process arising from the denial of the defense of habitation jury instruction; and (4) denial of due process arising from the denial of the inability to form specific intent jury instruction. (Doc. 17 at 14-15). The Chief Magistrate Judge found that all other claims in the Petition were not properly before this Court because Petitioner had not presented them in state court. *Id*.

Because the Petition contained both exhausted and unexhausted claims, the Chief Magistrate Judge recommended allowing Petitioner to choose between amending his Petition to contain only exhausted claims, or dismissing the Petition without prejudice so he could exhaust all of his claims. *Id*. at 16-17. The Chief Magistrate Judge explained that if Petitioner chose to amend the Petition to delete his unexhausted claims, those claims would be deemed abandoned. *Id*. Petitioner chose to voluntarily dismiss all claims except for the four identified as exhausted. (Doc. 18 at 2-3). Petitioner also filed his Motion for Release, asking to be released from state custody pending a ruling on the Petition. (Doc. 19).

The Chief Magistrate Judge proceeded to analyze Petitioner's four exhausted claims. (Doc. 24). The Chief Magistrate Judge explained that, under § 2254, Petitioner must show that the state courts' decisions were contrary to or an unreasonable application of clearly established federal law, or that they were unreasonable determinations of fact. § 2254(d). The Chief Magistrate Judge found that the state habeas court's decision that Petitioner's trial counsel was not ineffective was not contrary to federal law. (Doc. 24 at 11-12). In addition, the Chief Magistrate Judge found that the state habeas court's conclusion that Ms. Perea was not replaced outside Petitioner's presence was not unreasonable given the evidence and testimony presented. *Id*. at 13-15. Finally, the Chief Magistrate Judge found that the denial of Petitioner's requested jury instructions was not contrary to or an unreasonable application of federal law. *Id*. at 15-18. The Chief Magistrate Judge therefore recommended that Petitioner's Petition and Motion for Release be denied. *Id*. at 19.

Petitioner has timely objected to the PFRD. Petitioner states generally that the state proceedings were fundamentally unfair to him, referring to Justice Maes' participation in his case. (Doc. 25 at 2). Petitioner poses a number of questions for the Court to consider, including:

7

"Did the state habeas court err by disregarding expert witness testimony in favor of defendant?"; "Did the court err by failing to produce April Perea for required testimony?"; and "Did the court err by failing to grant Defendant a new trial based on multiple constitutional violation claims?" *Id*. at 4. Petitioner argues that § 2254's standard of review does not apply in his case because he claims he is actually innocent of first degree murder, and also argues that he is entitled to an evidentiary hearing because he diligently developed his claims in state court. *Id*. at 5, 10.

Petitioner reiterates that his trial counsel was ineffective for failing to secure expert witness testimony and cites several cases in support of this argument. *Id*. at 6-7, 9-11. In addition, Petitioner raises his prior arguments that the trial court judge should have recused himself and that his right to compulsory process was violated. *Id*. at 7-8. Petitioner also raises two new arguments in his Objections: first, that the trial court erred by denying a motion for a directed verdict, *id*., and second that the "equity of the statute" rule was not applied in his case, *id*. at 11-12. Petitioner did not object to the Chief Magistrate Judge's analysis of any claim other than ineffective assistance of counsel or to the recommendation regarding his Motion for Release. Respondents did not respond to the Objections, and the time for doing so has passed.

Finally, Petitioner has filed a Motion to Produce a statement from Ms. Perea. (Doc. 26). Petitioner asks that the Court order a government attorney to find Ms. Perea and take a statement from her. *Id*. at 1-2. Alternatively, Petitioner asks for permission to subpoena Ms. Perea. *Id*. at 3. Liberally construed,[1] Petitioner is requesting leave to conduct discovery or expand the record under Rules 6 and 7 of the Rules Governing § 2254 Proceedings. Respondents contend that because Petitioner received an evidentiary hearing in state court, the Court may not consider new evidence on this claim. (Doc. 27 at 1-2).

---

[1] Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings, though the Court may not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Analysis

### A. *Standards of Review under § 2254*

Under 28 U.S.C. § 2254, a person in state custody may petition a federal court for relief on the ground that he is in custody in violation of the United States Constitution or laws. § 2254(a). A petition under § 2254 may not be granted unless the state court judgment: (1) resulted in a decision contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. §§ 2254(d)(1)-2). Factual findings are presumed correct, and the petitioner must rebut that presumption by clear and convincing evidence. § 2254(e)(1).

A state court decision is "contrary to" clearly established law if it "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision and "nevertheless arrives at a result different from" the Supreme Court decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Similarly, a state court decision constitutes an "unreasonable application" of federal law when a state "unreasonably applies" Supreme Court precedent "to the facts of a prisoner's case." *Id*. at 409. The state court decision must be more than incorrect or erroneous. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and quotation omitted). "Rather, the application must be 'objectively unreasonable.'" *Id*. (quoting *Williams*, 529 U.S. at 409). This imposes a "highly deferential standard of review," and state court decisions must be given the benefit of the doubt. *Id*. (citation and quotation omitted).

### B. *Law Regarding Objections*

9

Pursuant to Rule 8 of the Rules Governing § 2254 Proceedings, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file objections to this recommendation. Rule 8(b) of the Rules Governing § 2254 Proceedings. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. 72(b).[2]

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

### C. *Petitioner's Objections*

#### 1. *Objection Regarding the Standard of Review*

First, Petitioner objects to the standard of review the Chief Magistrate Judge applied to his Petition. In the PFRD, the Chief Magistrate Judge applied the standard of review in §

---

[2] The Federal Rules of Civil Procedure may be applied to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2254(d). (Doc. 24 at 7-8). Petitioner claims § 2254(d)'s standard of review does not apply in this case because he is innocent. (Doc. 25 at 10). Petitioner cites *House v. Bell*, 547 U.S. 518 (2006), and *Schlup v. Delo*, 513 U.S. 298 (1995), in support of this argument. *Id*.

Both *Schlup* and *House* concern claims raised in habeas corpus petitions that were not raised in earlier petitions. Normally, if a petitioner raises a claim in a second habeas petition that was not raised in the first petition, courts cannot consider the new claim. *See House*, 547 U.S. at 533-66. *Schlup* and *House* discuss the "miscarriage of justice" exception to this rule. *See Schlup*, 513 U.S. at 317-23; *House*, 547 U.S. at 537-38. In *Schlup*, the Supreme Court held that courts may consider new claims if the petitioner shows that in light of new evidence "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 320-27 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In order to qualify for the exception, a petitioner must present new, reliable evidence that was not presented at trial. *Id*. at 324. In *House*, the Supreme Court held the *Schlup* standard applies to new claims in later petitions under § 2254. *House*, 547 at 539. If a petitioner meets the exception, the claims are reviewed under the standards in § 2254(d). *See Floyd v. Vannoy*, 887 F.3d 214, 227-33, 240-41 (5th Cir. 2018); *Jones v. Colloway*, 842 F.3d 454, 463-64 (7th Cir. 2016).

While *Schlup* and *House* discuss the standard for whether a court may hear claims in successive habeas petitions, the § 2254(d) standard still applies to the merits of those claims. The Court notes that Petitioner has raised two new arguments in his Objections. To the extent Petitioner contends the miscarriage of justice exception applies to those arguments, Petitioner must present new, reliable evidence that was not presented at trial. *Schlup*, 513 U.S. at 324. Petitioner has not done so here, so the Court finds that the miscarriage of justice exception does

not apply. The Court further finds that § 2254(d) provides the correct standard of review for Petitioner's claims. Therefore, the Court will overrule this objection.

*2. Whether Petitioner is Entitled to an Evidentiary Hearing*

Second, Petitioner argues he is entitled to an evidentiary hearing because he diligently developed the factual basis of his claims in state court. (Doc. 25 at 5). As support, Petitioner cites *Williams v. Taylor*, 529 U.S. 420 (2000), and *Littlejohn v. Trammell*, 704 F.3d 817 (10th Cir. 2013). (Doc. 25 at 5, 11). Petitioner cites a third case, *Lancaster v. Metrish*, 683 F.3d 740 (6th Cir. 2012), but that case was overruled by the Supreme Court in *Metrish v. Lancaster*, 569 U.S. 351 (2013), so the Court cannot rely on it.

The Supreme Court has held that in order to receive an evidentiary hearing on a § 2254 petition, petitioners must diligently pursue their claims in state court. *Williams*, 529 U.S. at 432-38. Diligence typically requires that a petitioner, "at a minimum, seek an evidentiary hearing in state court." *Id*. at 437. If a petitioner was not diligent, he is not entitled to a hearing unless he can show one of two exceptions. *Id*.; § 2254(e)(2). The exceptions are if a claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or if a claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A)(i)-(ii). Petitioner's claims do not rest on a new rule of constitutional law or on a new factual basis. Rather, Petitioner's claims rest on settled law and the facts presented to the state court. Accordingly, neither exception applies here.

Being diligent, however, does not necessarily entitle a petitioner to an evidentiary hearing. In *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011), the Supreme Court held that if a petitioner receives an evidentiary hearing in his state habeas corpus proceedings, the petitioner is not entitled to an evidentiary hearing in federal court. Rather, the federal court must review the

12

petitioner's claims based on the record before the state court. *Id*. In other words, if the petitioner was diligent and received an evidentiary hearing in state court, the federal court cannot hold another evidentiary hearing to supplement the first one. *See Davis v. Workman*, 695 F.3d 1060, 1072-73 (10th Cir. 2012) (stating review under § 2254 "must be confined to the state-court record").

In contrast, if a petitioner diligently pursues claims and is denied an evidentiary hearing in state court, then the federal court may conduct its own evidentiary hearing. *See Littlejohn*, 704 F.3d at 867-68. In *Littlejohn*, the petitioner asked for a hearing in state court but was denied one for procedural reasons, so the Tenth Circuit found he was diligent and entitled to an evidentiary hearing in federal court. *Id*. Nevertheless, the Tenth Circuit recognized that if the state courts had granted an evidentiary hearing, federal courts could not conduct a second one under *Cullen*. *Id*. at 868, n. 26.

Petitioner is therefore correct that in order to obtain an evidentiary hearing, he must have diligently pursued and developed the factual basis of his claims in state court. *See Williams*, 529 U.S. at 437; § 2254(e)(2). However, because Petitioner received an evidentiary hearing on all claims properly before the Court, the Court may not hold another evidentiary hearing and must instead decide the Petition on the record before the state courts. *Cullen*, 563 U.S. at 181-82. The Court therefore finds that Petitioner is not entitled to an evidentiary hearing.

### 3. *Objections Related to Waived Arguments*

Third, Petitioner raises several claims previously raised in his Petition and supporting documents. For instance, Petitioner complains that New Mexico Supreme Court Justice Petra Jimenez Maes participated in denying Petitioner a writ of certiorari to review his state writ of habeas corpus. (Doc. 15 at 2); *see* (Doc. 11-5 at 48). Petitioner states this was improper because

Justice Maes recused herself when Petitioner appealed his conviction. *Id*.; *see* (Doc. 11-1 at 93); (Doc. 11-5 at 48). Petitioner also states that the trial court violated his right to compulsory process by not compelling the expert witness to testify on its own accord. *Id*. at 7-8; (Doc. 16 at 4). Finally, Petitioner claims the trial judge should have recused himself because of his alleged personal and business relationship with Petitioner's trial counsel. *Id*. at 8; (Doc. 1 at 23-25).

These claims were previously identified as unexhausted. (Doc. 17 at 7, 15). As discussed, Petitioner was given the choice to give up these claims and proceed with his four exhausted claims or return to state court to pursue his unexhausted claims. *Id*. at 16-17. Petitioner voluntarily dismissed his unexhausted claims, including those described above, and proceeded with the four claims identified as exhausted. (Doc. 18 at 2-3). The Court therefore finds that Petitioner dismissed his claims, and Petitioner's objections related to them are overruled.

Petitioner also claims the trial court erred by denying a motion for a directed verdict and that the equity of the statute rule was not applied in his trial. (Doc. 25 at 8, 12). Petitioner has raised these arguments for the first time in his Objections, therefore they are waived. *See Marshall*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031. Liberally construed, Petitioner may have meant that the trial court erred by denying his motion for a new trial, which he argued on appeal. *See Boyett*, 2008-NMSC-030, ¶ 31-35. Nevertheless, the Court must find that Petitioner waived this argument because he did not raise it in his Petition.

### 4. *Objections Regarding Ineffective Assistance of Counsel*

Petitioner objects to the Chief Magistrate Judge's finding that the state court's decision that Petitioner received effective assistance of counsel was reasonable under § 2254. In order to show ineffective assistance of counsel, Petitioner must show that his trial counsel's performance was objectively unreasonable and that he was prejudiced by his counsel's errors. *Strickland v.*

14

*Washington*, 466 U.S. 668, 687-94 (1984). In order to obtain relief here, Petitioner must show that the state court's decision that his trial counsel was not ineffective was "contrary to or involved an unreasonable application" of *Strickland*. § 2254(d)(1).

Petitioner first compares his case to *Ouber v. Guarino*, 293 F.3d 19 (1st Cir. 2002). Like Petitioner's case, *Ouber* involved ineffective assistance of counsel relating to testimony the jury did not hear. At the beginning of the *Ouber* petitioner's trial, trial counsel promised four times that the petitioner would testify, emphasized that the case came down to the petitioner's testimony and credibility, and encouraged the jury to base its decision on the petitioner's version of events versus another witness's version. 293 F.3d at 22. Despite counsel's statements, the petitioner did not testify. *Id*. at 23. Petitioner's trial counsel advised the petitioner to remain silent, though they did not discuss counsel's earlier promises. *Id*. at 24. Following deliberations, the jury convicted the petitioner. *Id*.

The *Ouber* petitioner moved for a new trial, arguing ineffective assistance of counsel. The state courts denied relief, and the petitioner filed a petition under § 2254. *Id*. at 24-25. On review, the First Circuit Court of Appeals held that the petitioner received ineffective assistance of counsel and that the state courts' decisions were unreasonable applications of *Strickland*. *Id*. at 27-36. The First Circuit found it was objectively unreasonable for counsel to "structure[] the entire defense around the prospect of petitioner's testimony" and then advise petitioner not to testify. *Id*. at 27-30. Further, the First Circuit found that the state courts' contrary decisions were unreasonable under § 2254 because they relied on mischaracterizations of the record. *Id*. at 30-32.

Regarding prejudice, the First Circuit found counsel's error "monumental" and prejudicial because the jury never heard petitioner's version of events. *Id*. at 33-34. Here again,

15

the First Circuit found that the state court's decision otherwise was unreasonable because it rested on an unsupported mischaracterization of the record. *Id*. at 34-35. The court therefore found that the petitioner was entitled to relief under § 2254. *Id*. at 35-36.

Petitioner's case is similar to *Ouber*, in that both claims are based on testimony the jury did not hear: the petitioner's in *Ouber* and expert witness testimony in Petitioner's case. Further, the lack of testimony was at least in part trial counsel's fault. In this case, Petitioner's trial counsel failed to secure a backup witness or ask for a continuance to do so. Petitioner alleges this error was objectively unreasonable and changed the outcome of his trial. (Doc. 25 at 11-12).

However, there are many differences between *Ouber* and Petitioner's case. First, Petitioner's trial counsel pursued two different defenses, self-defense and inability to form specific intent, and did not rest Petitioner's defense on testimony from an expert witness. Further, two attorneys testified that it was not objectively unreasonable for Petitioner's trial counsel to focus on self-defense after the expert witness dropped out. Ms. Lewis agreed that a reasonable trial attorney could choose to do so, even though she did not think Petitioner's trial counsel did so, and Mr. Kennedy thought it was reasonable for Petitioner's trial counsel to forgo the incapacity theory. *See* (Doc. 22-1 at 60). This contrasts with *Ouber*, where there was no legitimate reason for trial counsel to advise the petitioner against testifying. *Ouber*, 293 F.3d at 27.

Additionally, to the extent Petitioner's trial counsel erred, it was not as damaging as in *Ouber*. In his opening statement, Petitioner's trial counsel emphasized self-defense. (Doc. 22-1 at 46-47, 60, 70). Trial counsel did not mention the issue of inability to form specific intent at all according to Petitioner. (Doc. 25 at 9-10). Again, this contrasts with *Ouber*, where trial counsel repeatedly promised the petitioner would testify. *Ouber*, 293 F.3d at 22. Additionally, in *Ouber*,

the petitioner's lack of testimony essentially meant the petitioner did not present a defense. *Id*. at 33-34. In this case, Petitioner testified and presented his version of events, which was that he shot Ms. Roach in self-defense, therefore Petitioner was not left without a defense due to counsel's errors. Finally, the First Circuit found the state court decisions unreasonable because they relied on assertions that the record did not support. *See Ouber*, 293 F.3d at 30-32, 34-35. Here, by contrast, the state habeas court conducted an evidentiary hearing and relied on testimony from several witnesses. (Doc. 11-5 at 17-25). Because *Ouber* is distinguishable from Petitioner's case, the Court finds that *Ouber* does not show that the state court's decision was contrary to or an unreasonable application of the *Strickland* standard.

Petitioner also cites *Moore v. Texas*, 137 S. Ct. 1039 (2017), to further his argument that the state court's ineffective assistance analysis was unreasonable. In *Moore*, a state court used old, superseded medical standards and other non-medical "evidentiary standards" to find that a death row inmate was not intellectually disabled and thus could be executed. *Moore*, 137 S. Ct. at 1046. The Supreme Court reversed, holding that the state court's standards violated the Eighth Amendment. *Id*. at 1048-53. The Court acknowledged that states have discretion in determining whether a defendant may be executed, however its precedent does not "license disregard of current medical standards." *Id*. at 1049.

Petitioner argues the state habeas court erred by disregarding current medical standards. In particular, Petitioner alleges the state habeas court erred by ignoring Dr. Cave's testimony. (Doc. 25 at 6-7). Petitioner contends the state court would have been forced to conclude that he received ineffective assistance if the court had not disregarded Dr. Cave's testimony.

First, the Court disagrees that the state court ignored or disregarded Dr. Cave's testimony. Rather, the court considered Dr. Cave's testimony and incorporated it into the court's findings.

17

(Doc. 11-5 at 22-24). The court ultimately found that the testimony was not sufficient to establish that Petitioner was prejudiced by the lack of expert witness testimony. *Id*. This differs from *Moore*, where the court disregarded current medical standards entirely in favor of older standards. *Moore*, 137 S. Ct. at 1046.

Second, *Moore* does not apply to this case. *Moore* involves Eighth Amendment claims concerning what evidence courts may consider when sentencing defendants to death. However, *Moore* does not dictate how state courts may, or must, evaluate expert witness testimony in habeas corpus proceedings on ineffective assistance of counsel claims. The Court therefore finds that *Moore* does not show that the state court's decisions regarding Dr. Cave's testimony or petitioner's ineffective assistance of counsel were unreasonable under § 2254(d).

        D.  *The Motion to Produce*

Finally, Petitioner has filed a Motion to Produce requesting that the Court secure a statement from April Perea, the juror that Petitioner claims was replaced outside his presence. Petitioner asks the Court to compel a statement from Ms. Perea under Federal Rule of Criminal Procedure 26.2(a). (Doc. 26 at 1). This Rule provides,

> [a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney from the government or the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Petitioner argues that because he is *pro se* and has been denied counsel, it is appropriate for the government to find Ms. Perea and take her statement. (Doc. 26 at 2). Petitioner provides contact information for multiple people with this name, April Perea, residing in New Mexico, but he does not know if one was the juror at his trial. *Id*. at 2, 4. In the alternative, Petitioner asks the

18

Court for permission to subpoena Ms. Perea. *Id*. at 3. Respondent argues that under *Cullen*, Petitioner may not present any new evidence to support this claim. (Doc. 27 at 2).

Liberally construed, Petitioner requests permission to conduct discovery or expand the record. *See* Rules 6, 7 of the Rules Governing § 2254 Proceedings. The Court may, "for good cause," allow a party to conduct discovery under the Federal Rules of Civil Procedure or may order that the parties expand the record. *Id.* Affidavits may be submitted, and the Court may even propound its own interrogatories. Rule 7 of the Rules Governing § 2254 Proceedings.

Petitioner received an evidentiary hearing in state court, including on his claim that Ms. Perea was replaced outside his presence. As a result, this Court decides the Petition on the record before the state court. *Cullen*, 563 U.S. at 181-82. Even if the Court gave Petitioner permission to subpoena Ms. Perea or conduct other discovery, the Court agrees with Respondent that it may not consider any new evidence produced pertaining to this claim. *See Black v. Workman*, 682 F.3d 880, 895 (10th Cir. 2012) (stating review under § 2254(d) is limited to evidence before state court). The Court must therefore deny Petitioner's Motion to Produce.

### III. Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded that the state courts' decisions were not contrary to or unreasonable applications of clearly-established federal law, or that they resulted in an unreasonable determination of facts in light of the evidence presented. Therefore, Petitioner's objections are overruled. Petitioner did not object to the Chief Magistrate Judge's recommendation that the Motion for Release be denied, so the Court will deny that Motion as well. Finally, the Court will deny Petitioner's Motion to Produce for the reasons stated above.

**IT IS THEREFORE ORDERED** that Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1); *Motion for Order of Release From Custody; Second Request for Appointment of Counsel*, (Doc. 19); and *Motion to Produce; or in the Alternative–Issuance of Subpoena to April Perea, State Trial Jury Member–Pursuant to Rule 45(3)(c)(i), Fed. Rules of Civil Procedure*, (Doc. 26), are **DENIED** and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE